# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERALD BERNARD DATTS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV412-009 |
| | ) | CR410-091 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

While Gerald Bernard Datts was represented by retained counsel Nicholas Pagano, CR410-091, docs 43 & 49,[1] the Clerk filed for him a Notice of Appeal from his 18 U.S.C. § 922(g)(1)conviction, docs 71-73, but Datts never perfected the appeal (paid the filing fee, etc.). Consequently, it was dismissed. Docs 74-77. Pagano, bound by the Eleventh Circuit's "in for a dime, in for a dollar" policy,[2] never made any post-judgment

---

[1] The Court will cite only to the criminal docket in this case, and the docket's pagination may not line up with each document's paper-copy version.

[2] *See* 11th Cir. R. 46-10(a) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court."). This Court reminded Pagano of that policy when he appeared in this case. Doc. 49; *see also* doc. 95 (government's § 2255 response brief emphasizing this).

filings until Datts complained about his lost appeal; then he moved to withdraw from representing Datts. Docs 78-80.

Meanwhile, Datts filed a series of letters and motions in quest of an appeal. Docs 78-79, 81-85. The Court notified Datts that it would construe those filings as a 28 U.S.C. § 2255 motion to pursue his lost appeal -- by alleging that Pagano provided him with ineffective assistance of counsel.[3] In response, he filed a formal § 2255 motion. Doc. 90; *see also* doc. 91 ("Appendix"). There he alleges that he had wanted to appeal with *appointed* counsel but

---

[3] That can supply cause to facilitate a new appeal. As another court explained:

> A direct appeal of a federal conviction is "a matter of right." *Coppedge v. United States*, 369 U.S. 438, 441, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962). The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*. It is a distinction without a difference that [defense counsel] filed a notice of appeal, but did not then file an appeal. *"Retained counsel for a criminal defendant has an obligation* to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." 11th Cir. R. 46-10(a). [Counsel's] disregard of Diaz-Maldonado's specific instructions to appeal the sentence was professionally unreasonable where [counsel] had not been authorized to withdraw.

*Diaz-Maldonado v. United States*, 2010 WL 5179201 at * 1 (N.D. Ga. Nov. 18, 2010) (emphasis added), *adopted*, 2010 WL 5276982 (N.D. Ga. Dec. 15, 2010) (granting movant a new appeal).

this request was denied. My appeal was denied because [of] my failure to do procedures that I was not aware of until receiving notice via mail that my appeal had been denied for those reasons. *My retained counsel was for trial purposes only, and this was made known to the Courts, which is the reason why I asked to be appointed a new attorney to assist me at that point and beyond.* Correspondences from the Courts was sent to the court-appointed attorney who no longer was assisting me, and these correspondences in good faith, was not forwarded to me in a timely fashion, therefore leaving me totally uninformed to what was going on so that I could preserve my right to appeal. Had I adequately been aware, I could have under the capacity as a *pro se* litigant, proceeded properly with what little knowledge that I possessed, in reference to any instructions from the Court that may have been given.

Doc. 91 at 5-6 (emphasis added).

In that Datts' filing revealed a conflict of interest between attorney and client (it was Pagano's duty to inquire about his client's interest in exercising his direct appeal rights),[4] the Court granted Pagano's then-pending motion to withdraw from representing Datts. Doc. 80. It then directed the government to respond to Datts' § 2255 motion. In its response the government conceded that Pagano failed in his duty to Datts, so Datts is entitled to new appeal and new counsel, and his

---

[4] "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000), whereas "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* But where a client is silent or unclear, counsel must generally inquire as to his client's wishes. *Id.* at 478.

3

remaining § 2255 claims thus should be deferred as premature. Doc. 95 at 4-6.

The Court agreed. Doc. 96. But it is also good practice to confirm what otherwise amounts to a reputation-damaging ineffectiveness finding. *Griffin v. United States*, CR410-005, doc. 79, 2012 WL 3288944 (S.D. Ga. Aug. 10, 2012). So a copy of the Court's last Order describing all of the foregoing was served on Pagano. Doc. 96. In it the Court directed him to file a "*Griffin*" affidavit confirming or negating the conclusion that he failed his *Flores-Ortega* duty. *Id.* at 3-4.

Pagano complied. Doc. 99. He claims that, at the end of Datts' sentencing hearing, Datts asked

> that appellate counsel be appointed to represent him. [The judge] granted Mr. Datts['] motion. Undersigned counsel was later advised by one of the clerks (name unknown) that Mr. Datts needed to fill out the appropriate form to have counsel appointed. This attorney drove down to the Bulloch County jail and had Mr. Datts complete the form. This attorney then returned to Savannah and filed this form with the clerk of court.[5]

*Id.* at 1 (footnote added).

The sentencing hearing transcript shows this much: After he was sentenced, Datts told the district judge that "I would need assistance of

---

[5] The Court is unable to find this form in the record. Pagano furnishes no record cite.

4

counsel and appointed assistance of counsel by the Court for appeal purposes due to the fact that Mr. Pagano was only retained for trial, Your Honor." Sentencing Tr. at 23. The district judge responded:

> THE COURT: Well, at your request, the Clerk of Court will prepare and file a notice of appeal on your behalf.
>
> MR. DATTS: And that will protect my right with the 14 days [within which to file an appeal]?
>
> THE COURT: Yes, sir. Anything else?
>
> MR. DATTS: That's it, Your Honor, thank you.

Sentencing Tr. at 23-24.

The judge's responses to Datts may reasonably be read by a layperson like Datts to mean that, yes, Pagano would no longer represent him and that the Clerk of Court would take care of Datts' Notice of Appeal (NOA) while the Court appointed appellate counsel for him.[6] A trained lawyer like Pagano, however, should have formally moved for leave to withdraw from the case. *See* Local Rule 83.6(e) ("No attorney shall withdraw his appearance in any action or proceeding, either civil or criminal, except by leave of the Court as hereinafter prescribed.").

---

[6] *See* doc. 71 (a timely, clerk-entered NOA, but no written request from anyone).

5

He did not. It thus remained *Pagano's* duty to consult with Datts and, if Datts wanted to appeal, preserve his appellate rights until substitute counsel entered his appearance. Hence, despite Datts' statement to the district judge that "Mr. Pagano was only retained for trial," and despite the fact that the clerk was instructed to file the notice of appeal, it remained Pagano's duty to continue his representation "except upon order of the court," 11th Cir. R. 46-10(a). No such order was ever entered, although that may have been the district judge's intention. In any event, the resulting confusion and error blended to Datts' disadvantage, and supports Datts' explanation, as set forth above, that he was not negligent in failing to perfect his since-dismissed appeal.

Datts' § 2255 motion therefore should be **GRANTED** so that he may pursue an out-of-time direct appeal. The Eleventh Circuit set forth the procedure courts must follow when granting out-of-time appeals in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Pursuant to *Phillips*: (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his re-imposed sentence, and (4)

movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Id*. As it is clear that Datts desires to appeal, his new lawyer (Chauncey Napoleon Barnwell, *see* Oct. 15, 2012 docket entry), shall timely file a new NOA.

**SO REPORTED AND RECOMMENDED** this 24TH day of October, 2012.

/s/ M. Smith<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**